Reese, J.
delivered the opinion of the court.
The defendant in error brought against the plaintiff in error, his action of debt, in the circuit court of Williamson county. The defendant in the court below pleaded, 1st. Nil Debet; 2d. The Statute of Limitations for six years; and upon which issue was taken; and, 3d. His discharge as a bankrupt, under the bankrupt law of the United States, after the cause of action had arisen, and before suit was brought.
The plaintiff below replied, that the money sued for was *155 received by the defendant to his use, and as his trustee, and so the debt was not discharged by the bankrupt law.
The defendant rejoined, that the fact stated in the replication was not true.
The facts, upon the trial of the issues before the jury, appears, from the bill of exceptions, to have been, that in 1838, W. R. Barrow, in Louisiana, paid to the defendant, for the plaintiff, a check on the Land Bank of New Orleans, for $282 75, which defendant exchanged for money on the Citizens’ Bank of Mississippi — Mr. H. R. W. Hill having told him arrangement had been made, or would be made, for its reception by the Nashville Banks. The plaintiff would not receive that money, unless the defendant would sustain the loss of discount; which he refused. The court charged the jury, that, if the defendant received ■ the account upon Barrow from the plaintiff, “under an agreement that he would take it to the South and collect it for the plaintiff, and remit or bring the proceeds to the plaintiff, and, instead of doing so, he appropriated the proceeds to his own use, such receiving of the account and proceeds would be in a fiduciary character, within the provisions of the bankrupt act, and the defendant, in that case, could not avail himself of his discharge in bankruptcy.”
The first section of the act referred to, provides, that “all persons whatever, residing in any State, Territory, or District, of the United States, owing debts, which shall not have been created in consequence of a defalcation as a public officer, or as an executor, or administrator, or trustee, or, while acting in any other fiduciary capacity,” shall, on compliance with the requisitions of the bankrupt law, be entitled to a discharge under it.
Two decisions, giving a construction to this section of the statute, and defining the character of debts expressed by its provisions, both made in the year 1844, have been brought to our notice. If they had been before his honor, the circuit Judge, no doubt his charge would have been different. The first is the case of Chapman vs. Forsyth and others, decided in the Supreme Court of the United States. 2 Howard, 202-209. The court, in that case, say, that the second point in *156 the cause submitted to them was, whether a factor, who retains the money of his principal, is a fiduciary debtor within the act. If the act embrace such a case, it will be difficult to limit its application — it must include all debts arising from agencies, and, indeed, all cases where the law implies an obligation from the trust reposed in the debtor. Such a construction would have left few debts on which the law could operate.” The opipion adds: “The cases enumerated, the defalcation of a public officer, executor, administrator, guardian, or trustee,' are not cases of implied, but special trusts, and the “other fiduciary capacity,” mentioned, must mean the same class of trusts. The act speaks of technical trusts, and not those which the law implies from the contract. A factor, therefore, is not within the act. The other case is that of Williamson vs. Dickens, decided in the Supreme Court of North Carolina. Iredell’s Law Rep. vol. 5, page 262. In its facts, it is identical with the case at bar.— Dickens, the bankrupt, had received notes and accounts, as the agent of the plaintiff, to collect for him in Alabama, and had received money thereon. The court cite with approbation the principles of the ease of Chapman vs. Forsyth, reported in 2 Howard; and state that it applies to, and governs the case before them. They deem it quite plain that the character of debt before them does not come within the exceptions of the statute, and is not fiduciary, in the sense of that word, as used in the statute. As, however, that was a case in tort, and the gravamen was a wrong, and not indebtedness, they exclude the operation of the discharge on that ground. Upon the authority of these two cases, and upon principle, we must hold the plaintiff in error not to have been a fiduciary debtor, within the exceptions of the act.
Let the verdict and judgment be,set aside.